SWANN, Judge.
Wabash Life Insurance Company, the defendant below, appeals a final judgment for the plaintiff, Gloria H. Senitt, in a suit based upon a group accident and sickness insurance policy.
The plaintiff was involved in an automobile accident and filed suit against the defendant insurance company under a group insurance policy, demanding damages for medical expenses incurred and for attorney fees. The defendant answered, denying all material allegations of the complaint and specifically denying coverage under the *23 terms of the policy. Following a jury trial, a final judgment was entered for the plaintiff. The defendant insurance company 'takes this appeal from that judgment.
The sole question on appeal is whether the trial court erred in permitting into evidence various medical bills without competent evidence as to their reasonableness or •necessity having been offered as a predicate for their introduction.
The insurance policy, in Section 23, Major Medical Insurance, under Benefits Payable, set forth a list of the medical services for which payment would be made, and contained the following clause:

“ * * * to the extent that such charges are reasonable for the area and type of service.”
* * * * * =t=
A pre-trial order stated that “ * * * the Plaintiff offered copies of medical bills incurred as Pre-Trial Exhibits, to which objection as to relevancy and materiality has been reserved by the defendant. * * * ”
During the trial, the plaintiff attempted to introduce into evidence a composite group of various medical bills which allegedly arose out of the accident. The defendant objected to their admissibility on the grounds that the plaintiff was not competent [to testify as to the reasonableness ■of the charges for services rendered]. The ■court overruled the objection and admitted the bills into evidence.
John T. Wigginton,[1] in an article entitled '“Pre-Trial Conference”, which appears in the manual on Florida Civil Practice Before Trial, made the following statements on pages 497 and 515:
* * * * * *
“One of the basic considerations of the conference is simplification and delineation of the issues that ultimately will'be submitted to the trier of fact. A full disclosure of the claims made and defenses interposed must be made by counsel in order that the actual controversy may be accurately ascertained. * * *»
* * * * * *
“A properly conducted pre-trial conference results in the elimination of unnecessary issues, leaving for trial only controverted issues of fact and law. The admissions and stipulations made by counsel eliminate the necessity of proving facts not in genuine dispute and save the expense of calling many witnesses whose testimony otherwise would be required. Thus, the time and expense necessary for disposing of the case on trial are reduced and the administration of justice promoted.”

See also -53 Am.Jur. Trial § 138.
The trial court was correct in overruling the defendant’s objection to the admissibility of the bills and admitting them into evidence, inasmuch as the record discloses that there was no objection at the pre-trial conference as to the “reasonableness” of the charges for the services rendered to the plaintiff, and there was no request for a modification to the Pre-Trial Order.
The judgment of the trial court is therefore
Affirmed.

. Judge, District Court of Appeal, First District of Florida.